UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
MARYANN SANTIAGO,                                          :
                          Plaintiff,                       :   **MEMORANDUM**
                                                           :   **DECISION AND ORDER**
            -against-                                      :
                                                           :   12 Civ. 0529 (BMC)
DRAGON GARDEN OF SUKI HUANG, INC. et                       :
al.,                                                       :
                                                           :
                          Defendants.                      :
                                                           :
---------------------------------------------------------- X

**COGAN**, District Judge.

This case is before me on plaintiff's motions for default judgment as a result of defendants' failure to answer or appear. For the reasons set forth below, the motions are granted.

## BACKGROUND

Plaintiff is a wheelchair bound, single limb amputee who is suing both the Dragon Garden restaurant and the lessor of the property the restaurant occupies, 1779 81st Street LLC, for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, New York City Human Rights Law ("NYCHRL"), NYC Admin. Code § 8-107(4)(a), and New York State Human Rights Law ("NYSHRL"), NYS Exec. Law § (2)(a). Under the ADA, commercial enterprises had one-and-a-half years from the 1990 enactment of the statute to remove architectural barriers from their properties so as to provide full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations to disabled persons. According to her complaint, plaintiff visited defendants' facilities, was denied access, and suffered injury as a result. Specifically, she alleges that a step at the entrance to the restaurant prevented her entry; that the sales counter, the cash register, and the menus and condiments on

the sales counter were all too high in violation of the ADA accessibility guidelines; that the restaurant had insufficient signage directing people with disabilities to accessible services as is required by the accessibility guidelines; and that there was no safe and accessible means of exit in case of an emergency. At the time of the complaint, none of the violations had been remedied.

The cited New York statutes make it an unlawful discriminatory practice for any owner or lessee of a place or provider of public accommodation to directly or indirectly deny a person any of the accommodations, advantages, facilities, or privileges thereof on the basis of disability. Civil penalties, punitive damages, and/or compensatory damages may be imposed under New York law. N.Y. Exec Law § 297(9); NYC Code § 8-120.

Plaintiff requests $500 in compensatory damages based on defendants' violation of New York City and New York State Human Rights Laws, and also seeks injunctive and declaratory relief in the form of an order stating that the defendants' facility violates the ADA, and directing defendants to undertake corrective measures. Plaintiff also requests that this Court retain jurisdiction relating to plaintiff's attorneys' fees.

Plaintiff commenced this action by filing a complaint and summons on February 2, 2012, and served defendants with a copy on February 9, 2012. Plaintiff filed proof of service with the Court on February 17, 2012. Neither defendant has answered or otherwise appeared in this action, and the time to do so has expired. On March 29, 2012, the Clerk of the Court entered default against both defendants pursuant to Fed. R. Civ. P. 55.

## DISCUSSION

1.  **Damages**

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." According to the Second Circuit, however, it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

In support of her motions for default judgment, plaintiff submitted the declaration of attorney B. Bradley Weitz detailing the violations described above. In addition, the complaint establishes a violation of Title II of the ADA by setting out that 1) the defendant is a qualified individual with a disability; 2) she was denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the entity; and 3) that such exclusion, denial of benefits, or other discrimination was because of her disability. Civic Association of Deaf of New York City, Inc., 915 F.Supp. 622 (S.D.N.Y. 1996). I find these submissions to be sufficient evidence to form the basis for an award of damages against the defendants in a total amount of $500.

3

2. **Declaratory and Injunctive Relief**

This Court has the authority under 42 U.S.C. § 12188 to grant injunctive relief, including the authority to order defendants to alter their facilities to make them accessible to persons with disabilities. Standing to bring a claim for injunctive relief under the ADA is established when a plaintiff shows "a plausible intention or desire to return to the place [of injury] but for the barriers to access." Access 4 All, Inc. v. Trump International Hotel and Tower Condominium, 458 F.Supp.2d 160 (S.D.N.Y. 2006). According to the complaint, plaintiff personally visited defendants' property where she was denied access to the facilities due to her disability. Furthermore she has articulated a continued desire to visit the restaurant. Given that well plead allegations are accepted as true on default judgment, the Court holds that the plaintiff faces a "real and immediate threat of continued, future violations of the ADA in the absence of injunctive relief." Midgett v. Tri-County Metropolitan Transportation District of Oregon, 254 F.3d 846 (9th Cir. 2001).

Additionally, before a court may issue a permanent injunction, plaintiff must show: 1) that she has suffered an irreparable injury; 2) that remedies available at law are inadequate to compensate for that injury; 3) that considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and 4) that the public interest would not be disserved by a permanent injunction." Mesto Minerals, Inc. v. Powerscreen Intern. Distribution Ltd.,788 F.Supp.2d 71 (E.D.N.Y. 2011). Irreparable harm is defined as "injury for which a monetary award cannot be adequate compensation." Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979). In this case, the plaintiff's access to defendants' property was entirely barred by the presence of certain architectural barriers, and her exclusion cannot be remedied by a monetary payment; nor will other legal remedies address plaintiff's exclusion.

Additionally, the balance of equities and the public interest in ensuring equal access to public facilities each weigh heavily in plaintiff's favor. Therefore, this Court will grant injunctive and declaratory relief by separate final judgment.

3. **Attorney's Fees and Costs**

This Court shall retain jurisdiction relating to plaintiff's attorneys' fees as it has jurisdiction to do under 42 USC § 12188 and NYC Admin. Code § 8-502(f). Within 14 days of the entry of this judgment the plaintiff shall file a motion for attorney fees.

## CONCLUSION

Plaintiff's motions for default judgment are granted.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
April 4, 2012